IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. ALLEY, | No. CIV S-05-1921-LKK-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TOM L. CAREY, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 9), filed on January 6, 2006.

Respondents argue that this court lacks subject matter jurisdiction over this petition because California's parole scheme does not give rise to a federally protected liberty interest in parole. In making this argument, respondents rely on the recent decision of this court in Sass v. California Board of Prison Terms, 376 F. Supp. 2d 975 (E.D. Cal. 2005), which found that the California Supreme Court's interpretation of the California parole scheme requires a finding that California's parole statute does not create a liberty interest in parole because prisoners have no legitimate expectation of a release date. See id. at 983 (relying on In re

1

Dannenburg, 34 Cal. 4th 1061 (2005)).

The court has the inherent authority to manage its docket, and it may stay an action pending resolution of independent proceedings which have bearing upon the case. See Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether to stay proceedings, the court should consider whether a stay will promote the just and efficient determination of the case and whether the proceedings likely will conclude within a reasonable time.  See Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 864 (9th Cir. 1979).  The court must also consider the relative hardships to the parties and the simplification of issues and questions of law the could result from a stay.  See CMAX, Inc. v. Hall, 300 F.2d 264, 268 (9th Cir. 1962).

The question of whether California's parole scheme gives rise to a federally protected liberty interest is pending before the Ninth Circuit Court of Appeals in Sass v. California Board of Prison Terms, Case No.05-16455.  Sass was argued before the appellate court on March 16, 2006.  Because the Ninth Circuit's decision in Sass will have a direct bearing on the question of this court's subject matter jurisdiction to hear the instant petition, the court finds that a stay of these proceedings is appropriate.  Moreover, petitioner will suffer little harm if this action is stayed.

Based on the foregoing, the undersigned recommends that:

1.      This action be stayed pending the Ninth Circuit's decision in Sass v. California Board of Prison Terms, Case No.05-16455;

2.      The Clerk of the Court be directed to administratively close this case; and

3.      Respondents be directed to file and serve a status report discussing the activity in Sass v. California Board of Prison Terms, Case No.05-16455, within 120 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 6, 2006.

                                          _____
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE